IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONNIE THORPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: |
| v. | ) |
| | ) |
| HONDA, AMERICAN HONDA MOTOR | ) NOTICE OF REMOVAL |
| CO., INC., and HONDA MOTOR CO., LTD, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, American Honda Motor Co., Inc., ("AHM") and Honda Motor Co., LTD ("HMC") (collectively referred to as "Honda"), hereby remove and give notice of the removal of the above-styled action from the Court of Common Pleas of Lackawanna County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. In support of removal, AHM and HMC state:

**I.  BACKGROUND**

1. Lonnie Thorpe ("Plaintiff") purportedly filed a Complaint on November 11, 2020, in the Court of Common Pleas for Lackawanna County, Pennsylvania, where it was assigned Case No. 2018-CV-4818.  (*See* Ex. A, Compl.)

2. In the Complaint, Plaintiff alleges that he suffered significant burns on the lower half of his body while riding in the middle portion of the front seat of a 2016 Honda Pioneer, VIN 1HFVE040XG4002056 (the "Subject Vehicle") on September 10, 2016.  (*Id.* ¶¶ 10-11.)

3. Plaintiff alleges that he suffers from T-12 paralysis, rendering him incapable of feeling below the waist and, as a result, Plaintiff was unable to determine that he was allegedly sustaining burns while riding in the Subject Vehicle.  (*Id.* ¶ 12.)

4.	The Complaint purports to allege two causes of action against AHM and HMC: (i) negligence and gross negligence; and (ii) strict products liability.  (*Id.* ¶¶ 24-52.)

## II.	JURISDICTIONAL BASIS FOR REMOVAL

### A.	Complete Diversity of Citizenship Now Exists

5.	Plaintiff is a citizen and domicile of the State of Pennsylvania.  (*Id.* ¶ 1.)

6.	Pursuant to the Complaint, Plaintiff identifies only two (2) legal entities as Defendants---AHM and HMC.  The Complaint references an entity identified as "HONDA".  However, there is no such legal entity as Honda is merely a brand name utilized by various entities responsible for the design, development, testing, manufacture and distribution of Honda products.

7.	HMC is a corporation organized and existing under the laws of the nation of Japan.  HMC is not incorporated in Pennsylvania and does have a principle place of business in this Commonwealth.  As such, complete diversity exists between HMC and Plaintiff.

8.	AHM is a corporation organized and existing under the laws of California having its principal place of business located at 1919 Torrance Boulevard, Torrance, California.

9.	Because Plaintiff is a citizen of Pennsylvania and AHM and HMC reside and have their corporate domicile outside Pennsylvania, complete diversity of citizenship exists among the parties.

### B.	The Amount in Controversy Exceeds $75,000

10.	"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

11. Here, Plaintiff is seeking compensatory damages against Honda in an amount "in excess of $50,000.00" for his alleged serious injuries, including burns to the lower half of his body, scarring, the risk of future breakdown of the skin, muscles, and ligaments on the lower half of his body, and other injuries. (Compl. ¶¶ 32, 35, 49, 52.)

12. Plaintiff also alleges that he suffered, and will continue to suffer, past and future medical expenses, as well as great physical pain and anguish, a severe shock to the nervous system, humiliation and embarrassment, scarring and disfigurement, wage loss, and permanent impairment of his earning power. (*Id.* ¶¶ 33-35, 50-52.)

13. Moreover, Plaintiff is also seeking punitive damages against Honda. (*Id.* ¶¶ 35, 52.) *See Frederico*, 507 F.3d at 199 (stating that courts "must consider [punitive damages] when calculating the amount in controversy").

14. Pennsylvania Rule of Civil Procedure 1021(b) does not allow a party seeking unliquidated damages to "claim any specific sum." Pa. R. Civ. P. 1021(b).

15. Where a defendant seeks to remove a case to federal court pursuant to diversity jurisdiction, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice does not permit demand for a specific sum[.]" 28 U.S.C. § 1446(c)(2)(A)(ii).

16. Within its notice of removal, the removing party need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

17. "[I]n the context of a personal injury lawsuit between diverse parties, 'severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the

jurisdictional amount] is at issue and trigger the running of the thirty-day removal period.'" *Russo v. Wal-Mart Stores E., L.P.*, No. 3:17-cv-454, 2017 WL 1832341, at *2 (M.D. Pa. May 8, 2017) (quoting *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521-22 (D. N.J. 1998)).

18.	Although Honda denies Plaintiff is entitled to any damages whatsoever, Honda contends in good faith that the amount in controversy exceeds $75,000 in this case due to Plaintiff's demand for compensatory and punitive damages seeking to compensate Plaintiff for the alleged severe burn and scarring injuries, as well as the alleged past and future medical expenses, great physical pain and anguish, severe shock to the nervous system, humiliation and embarrassment, scarring and disfigurement, wage loss, and loss of earning power. *See Russo*, 2017 WL 1832341, at *2-3 (concluding that, despite plaintiff's demand of an amount in excess of $40,000, the defendant should have reasonably and intelligently concluded that the amount in controversy exceeded $75,000 because of plaintiff's allegations that he suffered severe and painful injuries, will continue to suffer great pain and agony, and has expended—and will continue to expend—money for past and future medical expenses).

19.	This removal is therefore proper because this Court has original jurisdiction over this action, as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. §§ 1332(a)(1), 1441(a).

### III.	ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

20.	Plaintiff filed a Praecipe for Writ of Summons upon AHM and HMC on September 4, 2018.

21.	However, a writ of summons cannot be the "'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).  Rather, only a plaintiff's complaint constitutes an

"initial pleading" under § 1446(b), and the 30-day period for removal cannot commence until a complaint is filed.  *Id.*

22.     This Notice of Removal is filed within thirty days of service of Plaintiff's Complaint and, therefore, is timely under 28 U.S.C. § 1446(b)(1).

23.     Contemporaneously with the filing of this Notice of Removal, Honda will give written notice thereof to all adverse parties and will file a copy of this Notice with the clerk of the Court of Common Pleas for Lackawanna County.  *Id.* § 1446(d).

24.     Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the corporate disclosure statements of AHM and HMC are filed concurrently herewith.

25.     Copies of all process, pleadings, and orders served on Honda in the Court of Common Pleas for Lackawanna County, as well as the Lackawanna County docket sheet, are attached hereto as Exhibit B.  *See id.* § 1446(a).

26.     This action is properly removed to the United States District Court for the Middle District of Pennsylvania because the case was originally filed in the Court of Common Pleas for Lackawanna County, Pennsylvania, which lies geographically within this judicial district and division.  *Id.* §§ 118(b), 1441(a).

27.     No previous application has been made for the relief requested in this removal.

28.     Thus, all procedural elements for removal have been satisfied.

**IV.     RESERVATIONS AND REQUEST FOR ORAL ARGUMENT**

29.     If any question arises as to the propriety of the removal of this action, Honda respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

30. Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of Honda's ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter, including, but not limited to, (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party; (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## V.    JURY DEMAND

Honda demands a trial by jury on all issues so triable.

WHEREFORE, Defendants American Honda Motor Co., Inc., and Honda Motor Co., LTD, remove this action to the United States District Court for the Middle District of Pennsylvania.

Dated: December 8, 2020                              Respectfully submitted,

PIETRAGALLO GORDON ALFANO BOSICK
& RASPANTI, LLP


By: */s/ James F. Marrion*
   James F. Marrion, Esquire
   Pa. I.D. #85181
   jfm@pietragallo.com


   Clem C. Trischler *(Pro Hac Vice to be sought)*
   Pa. I.D. #52957
   38th Floor, One Oxford Center
   Pittsburgh, PA  15219
   412-263-1816 Telephone
   cct@pietragallo.com

   *Counsel for American Honda Motor Co., Inc.*
     *and Honda Motor Co., LTD*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 8th day of December, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all registered counsel.  I hereby certify that I have served the foregoing via electronic mail and/or U.S. Mail to all non-ECF participants.

James J. Conaboy
Abrahamsen, Conaboy & Abrahamsen, P.C.
1006 Pittston Avenue
Scranton, PA 18505

*Counsel for Plaintiff Lonnie Thorpe*

                                 */s/ James F. Marrion*
                                  James F. Marrion, Esquire