# EXHIBIT A

Abrahamsen, Conaboy & Abrahamsen, P.C.
James J. Conaboy, Esquire
Attorney ID.: 77987
1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
jconaboy@law-aca.com

MAURI B. KELLY
LACKAWANNA COUNTY

2018 NOV 13  P 3: 12

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

| | | |
|---|---|---|
| LONNIE THORPE | : | IN THE COURT OF COMMON PLEAS |
| | : | COUNTY OF LACKAWANNA |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| HONDA and | : | CIVIL ACTION - LAW |
| AMERICAN HONDA MOTOR CO., INC. | : | JURY TRIAL DEMANDED |
| and HONDA MOTOR CO., LTD | : | |
| | : | |
| Defendants | : | No.: 2018-CV-4818 |

## NOTICE

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this New Matter, Counterclaim and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed against you by the Court without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the New Matter and Counterclaim or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**Northern Pa. Legal Services, Inc.**
108 North Washington Avenue
12th Floor
Scranton, PA 18503
Phone: (570) 342-0184

**Lawyer Referral Service**
Lackawanna Bar Association
338 North Washing Avenue
Scranton, PA 18503-1410
Phone: (570) 969-9600

Abrahamsen, Conaboy & Abrahamsen, P.C.
James J. Conaboy, Esquire
Attorney ID.: 77987
1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
jconaboy@law-aca.com

MAURI B. KELLY
LACKAWANNA COUNTY

2020 NOV 13  P 3: 13

CLERK OF JUDICIAL
& CIVIL DIVISION

| | | |
|---|---|---|
| LONNIE THORPE | : | IN THE COURT OF COMMON PLEAS |
| | : | COUNTY OF LACKAWANNA |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| HONDA and | : | CIVIL ACTION - LAW |
| AMERICAN HONDA MOTOR CO., INC. | : | JURY TRIAL DEMANDED |
| and HONDA MOTOR CO., LTD | : | |
| | : | |
| Defendants | : | No.: 2018-CV-4818 |

## **COMPLAINT**

NOW COMES the Plaintiff, Lauren Thorpe, by and through counsel, Abrahamsen, Conaboy

& Abrahamsen, P.C., and hereby complains of the above referenced Defendants as follows:

1.     The Plaintiff, Lonnie Thorpe, is an adult and competent individual who resides at 214

E. Shore Drive, Lake Ariel, Wayne County, Pennsylvania.

2.     The Defendant, Honda, upon information and belief, is a California corporation with

a principal place of business located at 1919 Torrance Boulevard, Torrance, California.

3.     The Defendant, American Honda Motor Co., Inc., is a California corporation with a

principal place of business located at 1919 Torrance Boulevard, Torrance, California.

4.     The Defendant, Honda Motor Co., LTD, is a California corporation with a principal

place of business located at 1919 Torrance Boulevard, Torrance, California.

5.     Upon information and belief, the Defendants, Honda, American Honda Motor Co.,

Inc. and Honda Motor Co., LTD, hereinafter referred to as "Defendants", were authorized to conduct

business within the Commonwealth of Pennsylvania, and specifically within Lackawanna County, Pennsylvania.

6.      On September 10, 2016, and for some time prior thereto, Defendants were engaged in the business of designing, manufacturing, selling and/or distributing off-road recreational utility vehicles throughout the United States, including the State of Pennsylvania, for use by certain members of the public.

7.      On or about September 10, 2016, and for some time prior thereto, Defendants sold and/or distributed off-road recreational utility vehicles in the State of Pennsylvania through Rusty Palmer, Inc., 105 Rusty's Boulevard, Honesdale, PA 18431.

8.      On or about September 10, 2016, and for some time prior thereto, Defendants, for a value of full consideration, designed, manufactured, sold, distributed and/or otherwise placed into the stream of commerce a 2016 Honda Pioneer SXS10M5PG, VIN No. 1HFVE040XG4002056.

9.      On or about May 28, 2016, Plaintiff purchased the aforementioned Honda Pioneer from the Defendants through Rusty Palmer, Inc.

10.     On September 10, 2016, the Plaintiff was a middle passenger in the front seat of the aforementioned Honda Pioneer while it was being operated in a reasonable and foreseeable manner by Tom Coons.

11.     As Plaintiff was riding as a passenger in the aforementioned Honda Pioneer, the seat upon which he was sitting became overheated, causing the Plaintiff to sustain significant burns on the lower half of his body.

12.     At all times material and relevant hereto, the Plaintiff suffered from T-12 paralysis, rendering him incapable of feeling below the waist. As a result, Plaintiff was unable to determine that he was being burned simply by riding in the middle passenger seat of the aforementioned 2016

Honda Pioneer.

13.     Prior to the occurrence referenced above, the Defendants knew, or should have known, of information that would reasonably support the conclusion that the 2016 Honda Pioneer was defectively and unreasonably dangerous.

14.     Prior to the occurrence aforementioned above, the Defendants knew, or should have known, of information that would reasonably support the conclusion that the 2016 Honda Pioneer was not safe, and further, lack necessary safety features, thus posing additional risk of injury to middle front seat passenger.

15.     Prior to the occurrence aforementioned above, the Defendants knew, or should have known, that the design and manufacture of the 2016 Honda Pioneer demonstrated a foreseeable and unreasonable risk of harm, resulting in an increase likelihood of serious injuries and damages.

16.     At all times material and relevant hereto, the Defendants fraudulently concealed the defective nature of the 2016 Honda Pioneer from consumers.

17.     Upon information and belief, the head of the motor in the 2016 Honda Pioneer was too close to the passenger seat, causing the temperature of the seat to rise rapidly under normal use.

18.     The Defendants knew, or should have known, that front middle passengers of a 2016 Honda Pioneer were at substantial risk for burns under normal use.

19.     Subsequent to Plaintiff's incident, the Defendants issued a recall directed at " cabin comfort improvement."

20.     Defendants' recall suggested the placing of rubber on top of the head of the motor in order to create a shield from the heat generated by the motor into the passenger compartment.

21.     At all times material and relevant hereto, the 2016 Honda Pioneer at issue was in the same condition as it was when it left the possession of the Defendants.

22.     At all times material and relevant hereto, reasonable alternative designs and testing existed and exist now within the recreational utility vehicle industry and within the knowledge and control of the Defendants that would eliminate or greatly reduce the likelihood of an incident such as the one in which the Plaintiff was involved.

23.     The alternative designs and testing were economically and technically feasible at the time the 2016 Honda Pioneer was manufactured and when it left the possession and control of the Defendants.

## COUNT I

## LONNIE THORPE v. HONDA, AMERICAN HONDA MOTOR CO., INC. and HONDA MOTOR CO., LTD

### NEGLIGENCE AND GROSS NEGLIGENCE

24.     Plaintiff incorporates by reference the allegations set forth in paragraphs one (1) through twenty-three (23) as though the same were fully set forth herein.

25.     Defendants owed a duty to the general public and to the Plaintiff in particular to design, develop, manufacture, engineer, inspect, test, assemble, whole sale and distribute the 2016 Honda Pioneer in a manner that was reasonably safe.

26.     It was reasonably foreseeable that the Plaintiff, as a foreseeable user of the 2016 Honda Pioneer designed, manufactured, distributed and sold by the Defendants, could be injured through regular use of the vehicle if the Defendants did not exercise reasonable care in the design, manufacture, distribution, marketing and sale of the 2016 Honda Pioneer.

27.     At all times material and relevant hereto, the Defendants breached their duty to the Plaintiff in that it so carelessly and negligently designed, planned engineered, constructed, built, inspected, tested, manufactured, assembled, advertised, marketed and sold the 2016 Honda Pioneer

and failed to include necessary features that would prevent excess temperatures from occurring in the cabin of the vehicle under normal use.

28.     At the time of the manufacture or distribution of the 2016 Honda Pioneer, Defendants had actual knowledge that the product was defective and that there was a substantial likelihood that the defect would cause the injury that is the basis of this action, and the Defendants willfully disregarded that knowledge in the manufacture or distribution of the product.

29.     The Defendants were negligent in that the subject vehicle was carelessly designed, manufactured, assembled, supplied and marketed and was provided with inadequate safety features and warnings about its defective nature, including its lack of necessary safety features to protect occupants from burns under normal use.

30.     Defendants had a duty to warn, post-sale, of the dangers the vehicle posed for injuries and breached this duty of post-sale warning by failing to adequately inform and warn 2016 Honda Pioneer owners and users of the danger. Further, Defendants voluntarily adopted, and through its actions assumed, a duty of post-sale warning and did so negligently.

31.     In refusing and/or failing to warn users, including the Plaintiff, and consumers of such unreasonable risks, and in refusing to timely recall the 2016 Honda Pioneer despite knowledge that the Defendants had, or should have had, of the defects numerated herein above, Defendant acted in so reckless a manner as to demonstrate a substantial lack of concern for whether injuries would result from normal use of the vehicle.

32.     As a direct and proximate result of the negligence and/or gross negligence of the Defendants as described above, Plaintiff was caused to suffer severe injuries, some or all of which may be permanent in nature including, but not limited to, burns to in the lower half of his body, scarring, as well as the risk of future breakdown of the skin, muscles and ligaments on the lower half

of his body, and other injuries, some or all of which may be permanent in nature.

33.     Further, as a direct and proximate result of the aforementioned negligence and/or gross negligence, the Plaintiff has been, or will be, obliged to receive and undergo medical attention and care and has been or will be forced to expend various sums of money and pay expenses and may be obliged to expend such sums or incur such expenditures for an indefinite time into the future.

34.     As a direct and proximate result of the above referenced negligence and/or gross negligence, the Plaintiff has suffered great physical pain and anguish, a severe shock to the nervous system, humiliation and embarrassment, scarring and disfigurement and he may continue to suffer the same for an indefinite time into the future.

35.     As a further, result, Plaintiff has been unable and will be unable in the future to attend to his usual daily activities and employment and has suffered a wage loss as well as permanent impairment of his earning power, all to his detriment and loss.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against the Defendants in an amount in excess of $50,000.00 together with punitive damages, interest and costs.

**COUNT II**

**LONNIE THORPE v. HONDA, AMERICAN HONDA MOTOR CO., INC. and HONDA MOTOR CO., LTD**

**STRICT LIABILITY**

36.     Plaintiff incorporates by reference the allegations set forth in paragraphs one (1) through thirty-five (35) as though the same were fully set forth herein.

37.     The Defendants were engaged in the business of designing, manufacturing, testing, assembling, planning, engineering, constructing, building, inspecting, marketing, advertising,

distributing and/or selling recreational utility vehicles, including the 2016 Honda Pioneer herein, to be used by the general public including the Plaintiff.

38.     The 2016 Honda Pioneer was defectively designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, marketed, distributed and sold.

39.     Further, the defective condition rendered the subject vehicle unreasonably dangerous to the Plaintiff. The defective design and insufficient instructions were substantial factors in causing Plaintiff's harm.

40.     The relevant components of the 2016 Honda Pioneer were not changed or altered in any material respect from the time it was manufactured and sold by the Defendants to the time and place of the incident, and the vehicle was in substantially the same condition at the time of the incident as when it left Defendants possession and control.

41.     At the time and place of the aforementioned incident, the 2016 Honda Pioneer was used in the manner that was reasonably foreseeable to the Defendants. The 2016 Honda Pioneer did not perform as safely as an ordinary consumer would have expected at the time of use.

42.     The 2016 Honda Pioneer was excessively prone to increased temperatures in the cabin during regular use because of flaws in its design including location of the head of the motor too close to the passenger compartment and seating area.

43.     At all times material and relevant hereto, Defendants knew that members of the general public would purchase the 2016 Honda Pioneer without inspection and/or discovery of the defective and unreasonably dangerous conditions.

44.     The unreasonably dangerous nature of the defects as outlined above created a high probability that users of the vehicle would suffer burns under normal use.

45.     Defendants knew, or should have known, of the risk prior to the production and

marketing of the 2016 Honda Pioneer vehicle line. The defect in the vehicle was not known to the Plaintiff and was not reasonably discoverable by him.

46.     Any benefits derived from the design of the 2016 Honda Pioneer was substantially outweighed by the risk of harm in design.

47.     The defects in the 2016 Honda Pioneer were a direct and producing cause of the injuries and damages alleged herein.

48.     Defendants failed to adequately warn or instruct of the potential risks which the ordinary consumer would not have recognized, as well as failed to provide sufficient written warnings affixed to the vehicle that would have alerted the consumer of the dangers it posed by the Pioneer's propensity to have increased heat in the cabin during normal use. The lack of sufficient instructions or warnings were a direct and proximate cause of the injuries and damages sustained by the Plaintiff herein.

49.     As a direct and proximate result of the above, Plaintiff was caused to suffer severe injuries, some or all of which may be permanent in nature including, but not limited to, burns to in the lower half of his body, scarring, as well as the risk of future breakdown of the skin, muscles and ligaments on the lower half of his body, and other injuries, some or all of which may be permanent in nature.

50.     Further, as a direct and proximate result of the above, the Plaintiff has been, or will be, obliged to receive and undergo medical attention  and care and has been or will be forced to expend various sums of money and pay expenses and may be obliged to expend such sums or incur such expenditures for an indefinite time into the future.

51.     As a direct and proximate result of the above, the Plaintiff has suffered great physical pain and anguish, a severe shock to the nervous system, humiliation and embarrassment, scarring

and disfigurement and he may continue to suffer the same for an indefinite time into the future.

52.     As a further, result, Plaintiff has been unable and will be unable in the future to attend to his usual daily activities and employment and has suffered a wage loss as well as permanent impairment of his earning power, all to his detriment and loss.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against the Defendants in an amount in excess of $50,000.00 together with punitive damages, interest and costs.

Respectfully Submitted,

Abrahamsen, Conaboy & Abrahamsen, P.C.

By:

James J. Conaboy, Esquire
Attorney ID No.: 77987

1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
jconaboy@law-aca.com

Abrahamsen, Conaboy & Abrahamsen, P.C.
James J. Conaboy, Esquire
Attorney ID.: 77987
1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
jconaboy@law-aca.com

MAURI B. KELLY
LACKAWANNA COUNTY

2020 NOV 13  P 3: 13

CLERK OF JUDICIAL
RECORDS - CIVIL DIVISION

| | | |
|---|---|---|
| LONNIE THORPE | : | IN THE COURT OF COMMON PLEAS |
| | : | COUNTY OF LACKAWANNA |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| HONDA and | : | CIVIL ACTION - LAW |
| AMERICAN HONDA MOTOR CO., INC. | : | JURY TRIAL DEMANDED |
| and HONDA MOTOR CO., LTD | : | |
| | : | |
| Defendants | : | No.: 2018-CV-4818 |

### CERTIFICATE OF COMPLIANCE

I, James J. Conaboy, Esquire, certify that this filing complies with the provisions of the

*Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate*

*and Trial Courts* that require filing confidential information and documents differently than non-

confidential information and documents.

Respectfully Submitted,

Abrahamsen, Conaboy & Abrahamsen, P.C.

By: _____

James J. Conaboy, Esquire
Attorney ID No.: 77987

1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
jconaboy@law-aca.com

## VERIFICATION

I, LONNIE THORPE, hereby verify that I am the Plaintiff herein, and that the statements

contained in the foregoing "COMPLAINT" are true and correct to the best of my information,

knowledge and belief, and that the statements are made subject to the penalties of 18 Pa. C.S. § 4904

pertaining to unsworn falsification to authorities.

LONNIE THORPE

DATE: _11-4-10_ , 2020

Abrahamsen, Conaboy & Abrahamsen, P.C.
James J. Conaboy, Esquire
Attorney ID.: 77987
1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
jconaboy@law-aca.com

MAURI B. KELLY
LACKAWANNA COUNTY

2020

| | |
|---|---|
| LONNIE THORPE | IN THE COURT OF COMMON PLEAS |
| | COUNTY OF LACKAWANNA JUDICIAL |
| Plaintiff | RECORDS CIVIL DIVISION |
| | |
| vs. | |
| | |
| HONDA and | CIVIL ACTION - LAW |
| AMERICAN HONDA MOTOR CO., INC. | JURY TRIAL DEMANDED |
| and HONDA MOTOR CO., LTD | |
| | |
| Defendants | No.: 2018-CV-4818 |

## CERTIFICATE OF SERVICE

I, James J. Conaboy, Esquire, hereby certify that I have this __11th__ day of November, 2020

served a true and correct copy of the foregoing COMPLAINT upon the following listed below, via

United States Postal Service, postage prepaid.


Clem C. Trischler, Esquire
Pietragallo, Cordon, Alfano,
Bostick & Raspanti, LLP
Once Oxford Center, 38th Floor
Pittsburgh, PA 15219

James J. Conaboy, Esquire