IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |  | |
|---|---|---|---|
| LONNIE THORPE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | CASE NO.: 3:20-CV-02297-MEM | |
| | ) | | |
| AMERICAN HONDA MOTOR CO., INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

## ANSWER

AND NOW, comes the Defendant, AMERICAN HONDA MOTOR CO., INC. (hereinafter "AHM"), by and through its counsel, Clem C. Trischler, Esquire, of Pietragallo Gordon Alfano Bosick & Raspanti, LLP, and submits this Answer to Plaintiff's Complaint. AHM denies any and all liability to the Plaintiff and demands the entry of judgment in its favor against the Plaintiff, Lonnie Thorpe. By way of further response to the averments of the Plaintiff's Complaint, AHM submits the following:

1. Paragraph 1 of the Plaintiff's Complaint is admitted.

2. Paragraph 2 of the Plaintiff's Complaint is not directed to AHM. As such, no responsive pleading is required on behalf of this Defendant. To the extent that a response may be required, it is denied that any legal entity known as "Honda" exists. To the contrary, Honda is a brand name referring to a full line of quality automotive and off-road products.

3. Paragraph 3 of the Plaintiff's Complaint is admitted.

4. Paragraph 4 of the Plaintiff's Complaint is not directed to this Defendant. As such, no responsive pleading is required on behalf of AHM. To the extent that a response may be required, the averments of paragraph 4 are denied.

5. Paragraph 5 of the Plaintiff's Complaint does not contain any independent averment of fact to which any responsive pleading is required. Rather, the averments of paragraph 5 constitute legal conclusions on the subject personal jurisdiction. While no responsive pleading is required, AHM does not contest, for purposes of this action only, that personal jurisdiction exists in the United States District Court for the Middle District of Pennsylvania.

6. Paragraph 6 of the Plaintiff's Complaint is admitted in part and denied in part. It is admitted that AHM is engaged in the business of selling and distributing high-quality off-road recreational vehicles, including the 2016 Honda Pioneer identified as Vehicle Identification Number 1HFVE040XG4002056 (the "Subject Vehicle"). It is denied that AHM was responsible for the design or manufacture of the Subject Vehicle. To the contrary, the 2016 Pioneer 1000 was designed by Honda R&D Co., Ltd., and manufactured by Honda of South Carolina Mfg., Inc.

7. While paragraph 7 of the Plaintiff's Complaint is denied as stated, it is admitted that AHM distributed and sold the 2016 Honda Pioneer 1000, identified as Vehicle Identification Number 1HFVE040XG4002056, through its network of independent dealerships.

8. Paragraph 8 of the Plaintiff's Complaint is admitted in part and denied in part. It is admitted that AHM is engaged in the business of selling and distributing high-quality off-road recreational vehicles, including the 2016 Honda Pioneer identified as Vehicle Identification Number 1HFVE040XG4002056 (the "Subject Vehicle"). It is denied that AHM was responsible for the design or manufacture of the Subject Vehicle. To the contrary, the 2016 Pioneer 1000 was designed by Honda R&D Co., Ltd., and manufactured by Honda of South Carolina Mfg., Inc.

9. Paragraph 9 of the Plaintiff's Complaint is denied. After reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth at paragraph 9; therefore, the same are denied.

10. Paragraph 10 of the Plaintiff's Complaint is denied. After reasonable investigation, and at present, this Defendant is without knowledge or information concerning all of the facts, circumstances, and events which surround the reported incident of September 10, 2016; therefore, all of the averments of paragraph 10 are denied.

11. Paragraph 11 of the Plaintiff's Complaint is denied. After reasonable investigation, and at present, this Defendant is without knowledge or information concerning all of the facts, circumstances, and events which surround the reported incident of September 10, 2016; therefore, all of the averments of paragraph 11 are denied.

12. Paragraph 12 of the Plaintiff's Complaint is denied. After reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth at paragraph 12; therefore, the same are denied.

13. Paragraph 13 of the Plaintiff's Complaint is denied.

14. Paragraph 14 of the Plaintiff's Complaint is denied.

15. Paragraph 15 of the Plaintiff's Complaint is denied.

16. Paragraph 16 of the Plaintiff's Complaint is denied.

17. Paragraph 17 of the Plaintiff's Complaint is denied.

18. Paragraph 18 of the Plaintiff's Complaint is denied.

19. Paragraph 19 of the Plaintiff's Complaint is denied. It is denied that any recall relating to cabin heat was issued by AHM. To the contrary, on or about October 12, 2017, AHM issued a Service Bulletin notifying consumers of the availability of a cabin comfort improvement kit to address and to improve cabin comfort in certain Pioneer 1000 vehicles modified with accessory roofs and windshields.

20. Paragraph 20 of the Plaintiff's Complaint is denied. It is denied that the averments of paragraph 20 contain a complete or accurate statement of the recommendations and procedures outlined in the Service Bulletin. To the contrary, the Service Bulletin applicable to the cabin comfort improvement kit is a written document, the terms of which are self-explanatory, and AHM denies that the averments of paragraph 20 represent a complete or accurate statement or summary of that writing.

21. Paragraph 21 of the Plaintiff's Complaint is denied. After reasonable investigation, AHM is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth at paragraph 21; therefore, all of the averments of paragraph 21 are denied.

22. Paragraph 22 of the Plaintiff's Complaint is denied. The averments of paragraph 22 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that the 2016 Honda Pioneer 1000 was defective or unreasonably dangerous. Further, it is denied that "reasonable alternative designs" were necessary. To the contrary, AHM avers that the 2016 Honda Pioneer 1000 was properly designed and manufactured and was reasonably safe for its intended use when operated in a reasonable, prudent, and proper manner. Further, AHM avers that no defect existed in the Subject Vehicle that caused or contributed in any way to this incident or any of the Plaintiff's alleged injuries.

23. Paragraph 23 of the Plaintiff's Complaint is denied. The averments of paragraph 23 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that the 2016 Honda Pioneer 1000 was defective or unreasonably dangerous. Further, it is denied that "reasonable alternative designs" were necessary. To the contrary, AHM avers that the 2016 Honda Pioneer 1000 was properly designed and manufactured and was reasonably safe for its intended use when operated in a reasonable, prudent,

and proper manner. Further, AHM avers that no defect existed in the Subject Vehicle that caused or contributed in any way to this incident or any of the Plaintiff's alleged injuries.

## **ANSWER TO COUNT I**

24. Paragraphs 1 through 24 of this Answer are incorporated by reference in response to the averments of paragraph 24 of the Plaintiff's Complaint.

25. Paragraph 25 of the Plaintiff's Complaint is denied. The averments of paragraph 25 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that AHM breached any duty of care to the Plaintiff that may have existed under the law.

26. Paragraph 26 of the Plaintiff's Complaint is denied. The averments of paragraph 26 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, the averments of paragraph 26 are denied.

27. Paragraph 27 of the Plaintiff's Complaint is denied. It is denied that AHM was responsible in any way for the design, engineering, construction, manufacture, inspection, or testing of the Subject Vehicle. Further, it is denied that the 2016 Honda Pioneer 1000 in question was negligently designed, engineered, constructed, built, inspected, tested, or manufactured. To the contrary, AHM avers that the Subject Vehicle was properly designed and manufactured and was reasonably safe for its intended use when operated and used in a reasonable, prudent, proper, and careful manner.

28. Paragraph 28 of the Plaintiff's Complaint is denied. The averments of paragraph 28 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that the 2016 Honda Pioneer 1000 in question was defective in any manner. To the contrary, this Defendant avers that its actions and conduct were reasonable,

prudent, and proper at all times material and relevant hereto. Further, it is averred that the 2016 Honda Pioneer 1000 was properly designed and manufactured and did not contain any defect that caused or contributed in any way to this incident or any of the Plaintiff's alleged injuries.

29. Paragraph 29 of the Plaintiff's Complaint is denied. The averments of paragraph 29 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that AHM was negligent in any manner. To the contrary, this Defendant avers that its actions and conduct were reasonable, prudent, and proper at all times material and relevant hereto.

30. Paragraph 30 of the Plaintiff's Complaint is denied. The averments of paragraph 30 state conclusions of law concerning the legal duty and responsibility of a product supplier. These legal conclusions are denied as stated.

31. Paragraph 31 of the Plaintiff's Complaint is denied. The averments of paragraph 31 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that AHM acted in a negligent, careless, or reckless manner. To the contrary, this Defendant avers that its actions and conduct were reasonable, prudent, and proper at all times material and relevant hereto.

32. Paragraph 32 of the Plaintiff's Complaint is denied. The averments of paragraph 32 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that AHM acted in a negligent, careless, or reckless manner. To the contrary, this Defendant avers that its actions and conduct were reasonable, prudent, and proper at all times material and relevant hereto. By way of further response, this Defendant is without knowledge or information concerning the nature, extent, or existence of any injuries or damages claimed by the Plaintiff. Therefore, the remaining averments of paragraph 32 are denied.

33. Paragraph 33 of the Plaintiff's Complaint is denied. The averments of paragraph 33 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that AHM acted in a negligent, careless, or reckless manner. To the contrary, this Defendant avers that its actions and conduct were reasonable, prudent, and proper at all times material and relevant hereto. By way of further response, this Defendant is without knowledge or information concerning the nature, extent, or existence of any injuries or damages claimed by the Plaintiff. Therefore, the remaining averments of paragraph 33 are denied.

34. Paragraph 34 of the Plaintiff's Complaint is denied. The averments of paragraph 34 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that AHM acted in a negligent, careless, or reckless manner. To the contrary, this Defendant avers that its actions and conduct were reasonable, prudent, and proper at all times material and relevant hereto. By way of further response, this Defendant is without knowledge or information concerning the nature, extent, or existence of any injuries or damages claimed by the Plaintiff. Therefore, the remaining averments of paragraph 34 are denied.

35. Paragraph 35 of the Plaintiff's Complaint is denied. The averments of paragraph 35 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that AHM acted in a negligent, careless, or reckless manner. To the contrary, this Defendant avers that its actions and conduct were reasonable, prudent, and proper at all times material and relevant hereto. By way of further response, this Defendant is without knowledge or information concerning the nature, extent, or existence of any injuries or damages claimed by the Plaintiff. Therefore, the remaining averments of paragraph 35 are denied.

WHEREFORE, Defendant, American Honda Motor Co., Inc., denies any and all liability to the Plaintiff and demands the entry of judgment in its favor against the Plaintiff, Lonnie Thorpe.

**A JURY TRIAL IS DEMANDED**.

## ANSWER TO COUNT II

36. Paragraphs 1 through 35 of this Answer are incorporated by reference in response to the averments of paragraph 36 of the Plaintiff's Complaint.

37. Paragraph 37 of the Plaintiff's Complaint is denied. It is denied that AHM was responsible for the design, manufacture, testing, assembly, planning, engineering, construction, or building of the 2016 Honda Pioneer 1000 in question. To the contrary, AHM is an exclusive United States distributor of Honda off-road products, and this Defendant's role with respect to the Subject Vehicle is limited to that of the distributor of the vehicle.

38. Paragraph 38 of the Plaintiff's Complaint is denied. The averments of paragraph 38 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that the 2016 Honda Pioneer 1000 was defective in any manner. To the contrary, this Defendant avers that the Subject Vehicle was properly designed and manufactured and was reasonably safe for its intended use when operated and used in a reasonable, prudent, proper, and careful manner.

39. Paragraph 39 of the Plaintiff's Complaint is denied. The averments of paragraph 39 state conclusions of law to which no responsive pleading is required. To the extent a response may be required, all of the averments of paragraph 39 are denied.

40. Paragraph 40 of the Plaintiff's Complaint is denied. After reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth at paragraph 40; therefore, the same are denied.

41. Paragraph 41 of the Plaintiff's Complaint is denied. In particular, the averments of paragraph 41 state conclusions of law to which no responsive pleading is required. Insofar as a

response may be required, this Defendant is presently without knowledge or information concerning all of the circumstances relating to Plaintiff's use of this product; therefore, the averments of paragraph 41 are denied.

42. Paragraph 42 of the Plaintiff's Complaint is denied.

43. Paragraph 43 of the Plaintiff's Complaint is denied. The averments of paragraph 43 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, the averments of paragraph 43 are denied.

44. Paragraph 44 of the Plaintiff's Complaint is denied. The averments of paragraph 44 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, the averments of paragraph 44 are denied.

45. Paragraph 45 of the Plaintiff's Complaint is denied. The averments of paragraph 45 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, the averments of paragraph 45 are denied.

46. Paragraph 46 of the Plaintiff's Complaint is denied. The averments of paragraph 46 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, the averments of paragraph 46 are denied.

47. Paragraph 47 of the Plaintiff's Complaint is denied. The averments of paragraph 47 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, the averments of paragraph 47 are denied.

48. Paragraph 48 of the Plaintiff's Complaint is denied. The averments of paragraph 48 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that the 2016 Honda Pioneer 1000 in question was sold without adequate or appropriate warnings and instructions. To the contrary, this Defendant avers

that the product warnings, instructions, and safety messaging system that was provided with the Subject Vehicle were reasonable, prudent, and adequate as a matter of law.

49. Paragraph 49 of the Plaintiff's Complaint is denied. The averments of paragraph 49 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that any defect existed in the 2016 Honda Pioneer 1000 in question that caused or contributed in any way to this incident or any of the Plaintiff's alleged injuries. To the contrary, AHM avers that the 2016 Honda Pioneer 1000 was properly designed and manufactured and was reasonably safe for its intended use when operated and used in a reasonable, prudent, proper, and careful manner. By way of further response, this Defendant is presently without knowledge or information concerning the nature, extent, or existence of any injuries or damages claimed by this Plaintiff. Therefore, all of the remaining averments of paragraph 49 are also denied.

50. Paragraph 50 of the Plaintiff's Complaint is denied. The averments of paragraph 50 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that any defect existed in the 2016 Honda Pioneer 1000 in question that caused or contributed in any way to this incident or any of the Plaintiff's alleged injuries. To the contrary, AHM avers that the 2016 Honda Pioneer 1000 was properly designed and manufactured and was reasonably safe for its intended use when operated and used in a reasonable, prudent, proper, and careful manner. By way of further response, this Defendant is presently without knowledge or information concerning the nature, extent, or existence of any injuries or damages claimed by this Plaintiff. Therefore, all of the remaining averments of paragraph 50 are also denied.

51. Paragraph 51 of the Plaintiff's Complaint is denied. The averments of paragraph 51 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that any defect existed in the 2016 Honda Pioneer 1000 in question that caused or contributed in any way to this incident or any of the Plaintiff's alleged injuries. To the contrary, AHM avers that the 2016 Honda Pioneer 1000 was properly designed and manufactured and was reasonably safe for its intended use when operated and used in a reasonable, prudent, proper, and careful manner. By way of further response, this Defendant is presently without knowledge or information concerning the nature, extent, or existence of any injuries or damages claimed by this Plaintiff. Therefore, all of the remaining averments of paragraph 51 are also denied.

52. Paragraph 52 of the Plaintiff's Complaint is denied. The averments of paragraph 52 state conclusions of law to which no responsive pleading is required. To the extent that a response may be required, it is denied that any defect existed in the 2016 Honda Pioneer 1000 in question that caused or contributed in any way to this incident or any of the Plaintiff's alleged injuries. To the contrary, AHM avers that the 2016 Honda Pioneer 1000 was properly designed and manufactured and was reasonably safe for its intended use when operated and used in a reasonable, prudent, proper, and careful manner. By way of further response, this Defendant is presently without knowledge or information concerning the nature, extent, or existence of any injuries or damages claimed by this Plaintiff. Therefore, all of the remaining averments of paragraph 52 are also denied.

WHEREFORE, Defendant, American Honda Motor Co., Inc., denies any and all liability to the Plaintiff and demands the entry of judgment in its favor against the Plaintiff, Lonnie Thorpe.

**A JURY TRIAL IS DEMANDED**.

## FIRST AFFIRMATIVE DEFENSE

53. AHM submits that the averments of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

54. Any injuries and damages claimed by the Plaintiff were solely, directly, and proximately caused by the negligence of the Plaintiff, Lonnie Thorpe.

55. The Plaintiff was negligent generally and in each of the following particulars:

   (a) In failing to follow the warnings and instructions provided with the vehicle;

   (b) In acting in a careless and reckless manner;

   (c) In failing to heed warnings and instructions for the safe use of this product;

   (d) In using and/or operating the vehicle in an improper and negligent manner;

   (e) In otherwise being negligent;

   (f) In failing to exercise reasonable care and caution for his own safety and protection; and

   (g) In failing to utilize a helmet and take other reasonable precautions to prevent and/or mitigate the injuries.

56. Defendant hereby asserts the terms and provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. § 7102, as a defense to the claims raised in this action.

## THIRD AFFIRMATIVE DEFENSE

57. The Plaintiff may have knowingly and voluntarily assumed the risk of injury by virtue of his careless, reckless, and negligent acts. AHM reserves the right to assert the assumption of risk doctrine as a defense to this claim.

**FOURTH AFFIRMATIVE DEFENSE**

58. The 2016 Honda Pioneer 1000 was free of defects at the time it was designed, manufactured, and originally sold. Further, AHM avers that the vehicle in question did not contain any defect in design or manufacture that caused or contributed to this incident or the Plaintiff's alleged damages.

59. AHM avers that the 2016 Honda Pioneer 1000 was of merchantable quality and was reasonably fit for its intended use. At all times material and relevant hereto, the actions and conduct of this Defendant was reasonable, prudent, and proper.

60. This Defendant avers that the 2016 Honda Pioneer 1000 in question was properly designed and manufactured; was safe for its foreseeable and intended use; and it did not contain any defect in design or manufacture that caused or in any way contributed to this incident or the Plaintiff's alleged injuries.

**FIFTH AFFIRMATIVE DEFENSE**

61. Some or all of the Plaintiff's claims may be barred by the doctrine of spoliation of evidence if it is established that the vehicle in question or any of its component parts or any other physical evidence has not been preserved. This Defendant reserves the right to raise spoliation as a defense to this claim if relevant physical evidence has not been properly preserved.

**SIXTH AFFIRMATIVE DEFENSE**

62. To the extent the evidence reveals that the 2016 Honda Pioneer 1000 in question was not properly maintained or was altered, abused, misused, or substantially changed, this Defendant avers that the claims raised by the Plaintiff are barred as a matter of law. This Defendant asserts product misuse, abuse, alteration, and substantial change of defenses to the Plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

63. To the extent that discovery may establish that the Plaintiff's injuries and damages were proximately caused by the acts, omissions, or conduct of third parties, this Defendant avers that it has no liability to the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

64. Any injuries or damages sustained by the Plaintiff may have been the result of intervening and superseding causes which were not within the control of this Defendant.

## NINTH AFFIRMATIVE DEFENSE

65. The Plaintiff's claims are barred under the Restatement (Second) of Torts: Product Liability §§ 402A and 402B and the comments thereto and/or the Restatement (Third) of Torts: Product Liability and the comments thereto.

## TENTH AFFIRMATIVE DEFENSE

66. Each purported cause of action in the Plaintiff's Complaint fails as a matter of law as no defect existed in the 2016 Honda Pioneer 1000 that caused or contributed in any way to this incident. To the contrary, the vehicle in question met or exceeded all applicable industry standards and regulations at time of original sale and was safe and appropriate for use.

## ELEVENTH AFFIRMATIVE DEFENSE

67. Under *Tincher v. Omega Flex*, any vehicle that may have been supplied by this Defendant was not defective, as the benefits associated with the design far exceeded the risk of injury, if any, when appropriate warnings and instructions for use were followed. Accordingly, all of the strict-liability claims raised in the Complaint must be dismissed.

68. The 2016 Honda Pioneer 1000 in question is a complex product. The design, fabrication, testing, construction, and manufacture of this product involve subject matters which

are far beyond the knowledge, understanding, and comprehension of the average lay person. Therefore, the consumer-expectation test announced in *Tincher v. Omega Flex* does not apply and any claims for product defect raised in the Complaint based on the consumer-expectation standard must be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

69.  No manufacturing defect existed in any vehicle distributed or sold by this Defendant as the vehicle complied, in all materials respects, with the design specification established for the product. Therefore, all manufacturing defect claims raised in the Plaintiff's Complaint must be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

70.  Some or all of the claims raised in the Plaintiff's Complaint may be barred based on the expiration of the applicable statute of limitations

## FOURTEENTH AFFIRMATIVE DEFENSE

71.  The warnings and instructions provided by the Defendant with the vehicle were appropriate and conveyed information necessary for the safe use of this 2016 Honda Pioneer 1000. Any injuries and/or damages claimed by the Plaintiff were directly and proximately caused by Plaintiff's failure to heed those warnings and/or the failure to read the warnings and instructions.

## FIFTEENTH AFFIRMATIVE DEFENSE

72.  This Defendant raises the terms and provisions of the Pennsylvania Fair Share Act as a defense to this claim.

**SIXTEENTH AFFIRMATIVE DEFENSE**

73. The negligence and strict liability and breach of warranty claims raised in the Complaint all fail as a matter of law as Pennsylvania does not recognize a post-sale duty to recall, warn or retrofit.

74. The imposition of a post-sale duty to recall, warn or retrofit violates public policy by inhibiting technological innovation and imposing unreasonable burdens on product suppliers.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

75. The averments of the Plaintiff's Complaint do not justify or support an award of punitive damages.

76. No act or omission on the part of AHM was malicious, willful, wanton, reckless or grossly negligent. Therefore, any award of punitive damages is precluded as a matter of law.

77. Because of the lack of clear standards, the imposition of punitive damages against AHM would be unconstitutionally vague and overly broad.

78. Any claim for punitive damages is in contravention of the rights of AHM under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause of the Fifth Amendment of the Constitution of the United States; and similar provisions of the Constitution of Commonwealth of Pennsylvania and/or common law and public policies of the Commonwealth of Pennsylvania.

79. To allow Plaintiff to recover punitive damages would deprive AHM of its constitutional rights to substantive and procedural due process and equal protection under the law, which rights are guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

80. Any claims for punitive damages are barred by the due process and *ex post facto* clauses of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania to the extent Plaintiff seeks to impose penalties and forfeitures on AHM retroactively for conduct that was not actionable when it occurred. Further, AHM incorporates by reference any and all standards and/or limitations imposed upon the determination and enforceability of punitive damages by the decisions in *BMW of North America, Inc., v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group*, 532 U.S. 424 (2001); and *State Farm Mutual Auto Ins. Co., v. Campbell*, 123 S. Ct. 1513 (2003), and their progeny.

81. To allow Plaintiff in this action to recover punitive or exemplary damages would deprive AHM of constitutional rights under the Eighth Amendment of the United States Constitution which prohibits the imposition of excessive fines.

WHEREFORE, Defendant, American Honda Motor Co., Inc., denies any and all liability to the Plaintiff and demands the entry of judgment in its favor against the Plaintiff, Lonnie Thorpe.

**A JURY TRIAL IS DEMANDED**.

Dated: January 20, 2021                        Respectfully submitted,

                                                               **PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**

By:    */s/ Clem C. Trischler*
       Clem C. Trischler (PA52957)
       One Oxford Centre, 38th Floor
       Pittsburgh, PA 15219
       Phone: (412) 263-2000
       Facsimile: (412) 263-2001
       Email: cct@pietragallo.com
       *Counsel for American Honda Motor Co., Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 20th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all registered counsel.  I hereby certify that I have served the foregoing via electronic mail and/or U.S. Mail to all non-ECF participants.

James J. Conaboy
Abrahamsen, Conaboy & Abrahamsen, P.C.
1006 Pittston Avenue
Scranton, PA 18505

*Counsel for Plaintiff Lonnie Thorpe*

*/s/ Clem C. Trischler*
Clem C. Trischler